**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Civil Division**

**ASHLEY E. MORGAN,
ATTORNEY-IN-FACT FOR
JOHN T. ALLEN, JR.**
8826 Olde Florist Lane
Hebron, Maryland 21830

       *Plaintiff*,

v.

**THE UNITED STATES OF AMERICA**

    <u>Serve on:</u>

    Erek L. Barron, Esquire
    U.S. Attorney's Office
    for the District of Maryland
    36 S. Charles Street, 4th Floor
    Baltimore, MD 21201

    Merrick B. Garland, Esquire
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, D.C. 20530

    Jennifer B. Smith, Esquire
    U.S. Department of Health
    and Human Services
    330 C Street, S.W.
    Switzer Building, Suite 2100
    Washington, D.C. 20201

    *Defendant.*

CASE NO.: 1:22-cv-488

---

## <u>COMPLAINT AND ELECTION FOR JURY TRIAL</u>

COMES NOW the Plaintiff, Ashley E. Morgan, Attorney-In-Fact for John T. Allen, Jr., by

and through her undersigned attorneys, Brian S. Brown, Christopher T. Casciano, Kristin R.

Hosseinzadeh, and Brown & Barron, LLC, and hereby sues the Defendant, The United States of America, and for grounds in support thereof, states as follows:

## PROCEDURAL HISTORY

1.      The Defendant, The United States of America, was placed on notice of the instant claims on/about September 17, 2020, by way of Plaintiff's Federal Administrative Tort Claim.  A copy of Plaintiff's Federal Tort Claim is attached hereto as ***Exhibit 1*** and prayed to be taken as part hereof.

2.      On or about December 22, 2021, Plaintiff's Administrative Tort Claim was denied by the Government.  A copy of the December 22, 2021, Denial Letter is attached hereto as ***Exhibit 2*** and prayed to be taken as part hereof.

3.      This matter was then filed with the Maryland Health Care Alternative Dispute Resolution Office on or about January 14, 2022.  A copy of the Statement of Claim is attached hereto as ***Exhibit 3*** and prayed to be taken as part hereof.

4.      Plaintiff filed the Certificate of Qualified Expert and Preliminary Report of Gary W. Crooks, M.D., with the Maryland Health Care Alternative Dispute Resolution Office on or about January 14, 2022.  A copy of the Certificate of Qualified Expert and Preliminary Report is attached hereto as ***Exhibit 4*** and prayed to be taken part hereof.

5.      Plaintiff also filed a Notice of Election to Waive Arbitration, pursuant to MD. CTS. & JUD. PROCS. CODE ANN. § 3-2A-06A, in the Maryland Health Care Alternative Dispute Resolution Office on January 14, 2022.  A copy of the Notice of Election to Waive Arbitration is attached hereto as ***Exhibit 5*** and prayed to be taken part hereof.

6.      On or about January 26, 2022, an Order of Transfer was issued by the Maryland Health Care Alternative Dispute Resolution Office, transferring this case to the United States

District Court for the District of Maryland.  A copy of the Order of Transfer is attached hereto as *Exhibit 6* and prayed to be taken part hereof.

7.      Plaintiff's claims were timely filed in the Maryland Health Care Alternative Dispute Resolution Office and were appropriately waived out to the United States District Court for the District of Maryland pursuant to MD. CTS. & JUD. PROCS. CODE ANN. § 3-2A-06A.

8.      Plaintiff has exhausted all administrative remedies and has fully complied with the provisions of 28 U.S.C. § 2675 of the FTCA.

## JURISDICTION AND VENUE

9.      Subject matter jurisdiction exists over this action against the Defendant, The United States of America, pursuant to 28 U.S.C. § 1346(b), and venue is appropriate in the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1391(b), as the place wherein the events or omissions giving rise to the claim occurred.

10.      The amount in controversy exceeds One Hundred Thousand Dollars ($100,000.00), exclusive of interest and costs.

11.      This case is being asserted against the Defendant, The United States of America, pursuant to and in compliance with 28 U.S.C. §2671, *et seq.*, commonly referred to as the Federal Tort Claims Act (hereinafter "FTCA").

12.      Liability of the Defendant, The United States of America, is predicated upon 28 U.S.C. §1346 and §2674, and the FTCA, due to personal injuries and damages proximately caused by the negligence, wrongful acts, and/or omissions of employees of The United States of America while acting within the course and scope of their office, agency, and/or employment, under circumstances where The United States of America, if a private person, would be liable to Plaintiff

in the same manner and to the same extent as a private individual under the laws of the State of Maryland.

## PARTIES

13.     At all times relevant and material hereto, Plaintiff, Ashley E. Morgan, is and was an adult citizen of the State of Maryland residing at the above-captioned residential address.  Ms. Morgan brings the instant suit in her capacity as the duly appointed attorney-in-fact for the Plaintiff, John T. Allen, Jr.

14.     At all times relevant and material hereto, Plaintiff, John T. Allen, Jr. (hereinafter "Mr. Allen" or "Plaintiff"), is and was an adult citizen of the State of Maryland, residing at 1018 Marley Manor Drive, Apt. 101, Salisbury, Maryland, 21804.

15.     At all times relevant and material hereto, Defendant, The United States of America, was engaged in the provision of health care services, including the provision of medical and other services, advice, care, and treatment to individuals in need thereof.

16.     At all times relevant and material hereto, Defendant, The United States of America, was engaged in the provision of health care services at the Chesapeake Health Care medical facility located in Princess Anne, Maryland.

17.     At all times relevant and material hereto, Defendant, The United States of America, acted directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the following health care providers: Three Lower Counties Community Services, Inc., d/b/a Chesapeake Health Care; Linda M. Kunowsky, CRNP; and/or other health care providers, all of whom were acting within the course and scope of their employment.

18.     At all times relevant and material hereto, Defendant, The United States of America, acting directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the following health care providers: Three Lower Counties Community Services, Inc., d/b/a Chesapeake Health Care; Linda M. Kunowsky, CRNP; and/or other health care providers, held itself out as a health care provider that would render reasonably competent health care services to those individuals who came under its professional care.

## FACTS COMMON TO ALL COUNTS

19.     Plaintiff repeats, re-alleges, adopts, and incorporates by reference the above paragraphs of this Complaint, as if fully set forth herein.

20.     As of August 2019, John T. Allen, Jr., (DOB: 7/26/1965) was a 54-year-old gentleman with a medical history that included hypertension, hyperlipidemia, and morbid obesity.

21.     On August 26, 2019, Mr. Allen presented to Chesapeake Health Care with complaints of pain in his right ear, pain on the right side of his face, as well as headaches.  Mr. Allen was physically examined and diagnosed with acute maxillary sinusitis.  He was prescribed antibiotics, including Augmentin and naproxen, and discharged with uncontrolled high blood pressure.

22.     Several days later, on August 30, 2019, Mr. Allen presented again to Chesapeake Health Care with worsening pain in his right ear and ongoing headaches.  He was physically evaluated by Linda M. Kunowsky, CRNP, treated with prescription ear drops, nasal spray, and Claritin, and discharged with uncontrolled high blood pressure.

23.     On September 17, 2019, Mr. Allen presented again to Nurse Kunowsky at Chesapeake Health Care with complaints of unresolved headaches for more than 2 weeks, as well

as left eye vision changes and trouble focusing to read. Nurse Kunowsky performed a physical examination of Mr. Allen which revealed a droopy left eye (ptosis) and his forehead and neck were tender to touch. Nurse Kunowsky diagnosed Mr. Allen with a headache and chronic sinusitis and treated him with Tylenol and Augmentin. He was discharged with uncontrolled high blood pressure.

24.     On September 22, 2019, Mr. Allen presented to the Emergency Department at Peninsula Regional Medical Center with a chief complaint of stroke. Emergency Medical Services (EMS) reported upon arrival that Mr. Allen had a Los Angeles Motor Score (LAMS) of 5, and was flaccid to the left side, with left-sided facial droop and slurred speech. A physical examination confirmed that Mr. Allen had left-sided bilateral hemianopsia, left-sided hemiparesis, left-sided facial droop, no movement in his left leg, and a flaccid left arm.

25.     Mr. Allen subsequently underwent a head CT that showed an infarction of the right MCA distribution for which he required emergent transfer to Johns Hopkins Hospital.

26.     Due to the stroke, Mr. Allen developed significant malignant cerebral edema for which he underwent a right hemicraniectomy. Due to his stroke and resulting dysphasia, Mr. Allen had a PEG tube placed on October 25, 2019.

27.     On October 28, 2019, Mr. Allen was transferred to a rehabilitation hospital where he remained for approximately two months.

28.     As a direct result of his stroke, Mr. Allen is permanently disabled and requires, among other things, 24/7 care for all his activities of daily living.

<u>COUNT I</u>
**(Medical Negligence)**

29.     Plaintiff repeats, re-alleges, adopts, and incorporates by reference the above paragraphs of this Complaint, as if fully set forth herein.

6

30.     At all times relevant and material hereto, Defendant, The United States of America, acting directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the following health care providers: Three Lower Counties Community Services, Inc., d/b/a Chesapeake Health Care; Linda M. Kunowsky, CRNP; and/or other health care providers, practiced medicine in the State of Maryland, and provided medical treatment and care at the Chesapeake Health Care medical facility located in Princess Anne, Maryland.

31.     At all times relevant and material hereto, Defendant, The United States of America, acting directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the following health care providers: Three Lower Counties Community Services, Inc., d/b/a Chesapeake Health Care; Linda M. Kunowsky, CRNP; and/or other health care providers, owed to the Plaintiff a duty of care to exercise that degree of care, skill, and judgment ordinarily possessed by a reasonably competent health care provider, with similar education, training, and experience, and under like or similar circumstances.

32.     At all times relevant and material hereto, Defendant, The United States of America, acting directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the following health care providers: Three Lower Counties Community Services, Inc., d/b/a Chesapeake Health Care; Linda M. Kunowsky, CRNP; and/or other health care providers, was negligent in its care and treatment of the Plaintiff, John T. Allen, Jr., and breached the applicable standards of care in the following ways, amongst others:

     a.    Failure to timely and appropriately recognize that an impending stroke was the most likely cause of Plaintiff's symptoms;

     b.    Failure to order a stat consultation with a neurologist;

c.      Failure to timely order and/or perform a comprehensive neurological examination;

d.      Failure to timely order and/or perform a cranial nerve examination, including an examination of cranial nerves II-XII;

e.      Failure to timely order a stat CT scan;

f.      Failure to adequately and appropriately consider, document, and rule out all possible causes of Plaintiff's left eye ptosis;

g.      Failure to adequately and appropriately consider, document, and rule out all possible causes of Plaintiff's neck and forehead tenderness;

h.      Failure to adequately control Plaintiff's ongoing hypertension;

i.      Failure to timely and adequately recognize, diagnose and/or appropriately treat Plaintiff's true and serious medical conditions;

j.      Failure to admit Plaintiff to the hospital to further evaluation, treatment and care;

k.      Failure to timely and appropriately order and/or implement the necessary treatment and care in management of Plaintiff's true and serious condition;

l.      Failure to timely and appropriately order and/or perform diagnostic testing and other studies necessary to evaluate the true and serious nature of Plaintiff's condition;

m.      Failure to timely and appropriately refer Plaintiff to the necessary specialists, hospitals, and/or other health care providers in treatment of his true and serious condition;

n.      Failure to timely offer, recommend and/or appropriately perform certain tests, studies, and procedures in management of Plaintiff's condition;

o.      Failure to conduct and perform appropriate, timely and complete examinations, evaluations, and diagnostic testing;

p.      Failure to timely and appropriately react to signs, symptoms, and findings illustrative of the Plaintiff's true and serious medical condition;

q.      Failure to obtain appropriate, timely and necessary consultations with specialists and/or utilize information then known to the Defendant;

     r.      Failure to order timely and appropriate interventions to prevent the Plaintiff's injuries, losses, damages, limitations and disabilities;

     s.      Failure to exercise timely and appropriate decision making;

     t.      Failure to accurately, completely, and consistently document Plaintiff's signs, symptoms, and other pertinent findings indicative of Plaintiff's true and serious medical condition;

     u.      Failure to take the steps necessary to ensure that Plaintiff was not exposed to an unreasonable risk of harm or injury;

     v.      Failure to provide informed consent; and

     w.      The Defendant was in other ways negligent.

33.     As a natural, direct, and proximate result of the above-mentioned deviations from the applicable standards of care by Defendant, The United States of America, Plaintiff, John T. Allen, Jr., has sustained significant and permanent injuries, losses, damages, limitations, and disabilities, including, but not limited to, the following:

     a.      Conscious physical pain and suffering;

     b.      Mental and emotional distress and anguish;

     c.      Neurological injuries, damages, and disabilities;

     d.      Severe bodily injuries;

     e.      Physical impairment;

     f.      Stress;

     g.      Depression;

     h.      Anxiety;

     i.      Discomfort;

     j.      Disability;

     k.      Disfigurement;

l.    Scarring;

m.    Embarrassment;

n.    Inconvenience;

o.    Diminished quality of life;

p.    Loss of the ability to enjoy the normal pleasures of life;

q.    Loss of the ability to engage in life's usual activities;

r.    Loss of the ability to perform activities of daily living and household services;

s.    Unnecessary hospitalizations, procedures, interventions, and therapies;

t.    Additional medical conditions and diagnoses;

u.    Medical, surgical, hospital, nursing, psychiatric, therapy, rehabilitation, medication, equipment, counseling, custodial, attendant, assistive, and other necessary life care and expenses (past, present, and future);

v.    Loss of employment, wages, income, and earning capacity (past, present, and future); and

w.    Other compensable injuries, losses, damages, and negative sequelae.

34.    The injuries, losses, and damages suffered and sustained by Plaintiff were due to the negligent and careless acts and omissions of Defendant, The United States of America, acting directly and/or by and/or through its actual and/or apparent agents, servants, and/or employees, including, but not limited to, the following health care providers: Three Lower Counties Community Services, Inc., d/b/a Chesapeake Health Care; Linda M. Kunowsky, CRNP; and/or other health care providers, all of whom were acting within the course and scope of their employment.

35.    All the injuries, losses, and damages complained of herein were naturally, directly, and proximately caused by the joint and several negligence and lack of due care by Defendant,

The United States of America, with no negligence or want of due care on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff brings this action against Defendant, The United States of America, for all injuries, losses, and damages suffered and sustained by Plaintiff, and for any other damages to which Plaintiff is entitled, in the amount of Twenty Million Dollars ($20,000,000), an amount in excess of the required jurisdictional amount of the United States District Court for the District of Maryland, exclusive of interest and costs, and for any other legal or equitable relief as justice may require.

## COUNT II
### (Informed Consent)

36.    Plaintiff repeats, re-alleges, adopts, and incorporates by reference the above paragraphs of this Complaint, as if fully set forth herein.

37.    Defendant, The United States of America, owed Plaintiff, John T. Allen, Jr., a duty to appropriately notify and counsel him regarding the material risks, benefits, and alternatives of all reasonable treatment options available to Defendant in management of Plaintiff's true and serious medical condition.

38.    Otherwise stated, Defendant, The United States of America, was required to obtain Plaintiff's informed consent with respect to the diagnosis, treatment, and overall management of his true and serious medical condition.

39.    Defendant, The United States of America, failed to timely, adequately, completely, and appropriately obtain Plaintiff's informed consent.

40.    Had Defendant timely, adequately, completely, and appropriately informed Plaintiff of the material risks, benefits, and alternatives of all reasonable treatment options available to Defendant, in management of Plaintiff's true and serious medical condition, Plaintiff,

like any reasonable and prudent individual in a similar situation, would have chosen to receive certain available treatments, testing, procedures, surgeries, referrals, and/or specialty consultations to timely, adequately, and definitively determine the true nature and extent of Plaintiff's true and serious medical conditions, and otherwise commence and receive timely, appropriate, and necessary treatment and care.

41.     Plaintiff further alleges that, as a natural, direct, and proximate result of Defendant's aforementioned failure to obtain Plaintiff's informed consent, Plaintiff has in the past and will in the future suffer and sustain the injuries, losses, damages, limitations, and disabilities described hereinabove in Count I.

42.     All of the injuries, losses, damages, limitations, and disabilities complained of herein were naturally, directly, and proximately caused by the joint and several negligence and lack of due care by Defendant, The United States of America, with no negligence or want of due care on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff brings this action against Defendant, The United States of America, for all injuries, losses, and damages suffered and sustained by Plaintiff, and for any other damages to which Plaintiff is entitled, in the amount of Twenty Million Dollars ($20,000,000), an amount in excess of the required jurisdictional amount of the United States District Court for the District of Maryland, exclusive of interest and costs, and for any other legal or equitable relief as justice may require.

Respectfully submitted,

**BROWN & BARRON, LLC**


*/s/ Christopher T. Casciano*
Brian S. Brown, Esquire
Federal Bar No. 05413
Christopher T. Casciano, Esquire
Federal Bar No. 29725
Kristin R. Hosseinzadeh, Esquire
Federal Bar No. 20336
7 St. Paul Street, Suite 800
Baltimore, Maryland 21202
bbrown@brownbarron.com
ccasciano@brownbarron.com
khosseinzadeh@brownbarron.com
T: (410) 547-0202
F: (410) 332-4509

## <u>ELECTION FOR JURY TRIAL</u>

COME NOW the Plaintiff, Ashley E. Morgan, Attorney-In-Fact for John T. Allen, Jr, by and through her undersigned attorneys, Brian S. Brown, Christopher T. Casciano, Kristin R. Hosseinzadeh, and Brown & Barron, LLC, and hereby elect a trial by jury on all issues and counts raised herein.

Respectfully submitted,

**BROWN & BARRON, LLC**

*/s/ Christopher T. Casciano*

Brian S. Brown, Esquire
Federal Bar No. 05413
Christopher T. Casciano, Esquire
Federal Bar No. 29725
Kristin R. Hosseinzadeh, Esquire
Federal Bar No. 20336
7 St. Paul Street, Suite 800
Baltimore, Maryland 21202
bbrown@brownbarron.com
ccasciano@brownbarron.com
khosseinzadeh@brownbarron.com
T: (410) 547-0202
F: (410) 332-4509

14